**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

RACHEL IHEANACHO                                    CIVIL ACTION

VERSUS                                                      19-532-SDD-SDJ

AIR LIQUIDE LARGE INDUSTRIES
U.S. L.P.

## RULING

This matter is before the Court on the *Motion to Dismiss, Motion to Compel Arbitration*[1] by Defendant Air Liquide Large Industries U.S. L.P. ("Defendant"). Plaintiff Rachel Iheanacho ("Plaintiff") filed an *Opposition*[2] to this motion. Defendant filed a *Reply*,[3] and Plaintiff filed a *Sur-Reply*.[4] For the following reasons, Defendant's *Motion* is GRANTED.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff was an employee of Defendant from November 3, 2014 until January 11, 2018; her most recent position was Zone Engineer.[5] On November 19, 2014, Plaintiff signed an Alternative Dispute Resolution Agreement, which stated in pertinent part:

> All disputes arising out of or relating to the interpretation and application of this ADR Agreement or the employee's employment with Air Liquide or the termination of employment, including for example and without limitation, any claims for . . . wrongful termination, unlawful discrimination, sexual harassment or other unlawful harassment, or

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 6.
[3] Rec. Doc. 10.
[4] Rec. Doc. 12.
[5] Rec. Doc. 1 ¶4-5.
Document Number: 60543

> retaliation, shall be resolved through ADR, including binding arbitration if necessary. . . . This ADR Agreement provides the exclusive means for formal resolution of all such disputes between an employee and Air Liquide and is binding upon both Air Liquide and the employee. . . . Disputes within the scope of this Agreement shall include, but not be limited to, the following: alleged violations of federal, state and/or local constitutions, statutes or regulations, including without limitation, any claims alleging any form of employment discrimination of harassment[.][6]

Plaintiff was terminated by her supervisor, Udoka "Duke" Ibiok ("Duke"), a male who she alleges "continuously badgered [Plaintiff] and singled her out during team debriefs."[7] Plaintiff alleges that Duke consistently displayed "unwarranted condescending behavior" towards her due to her sex.[8] In September 2017, Plaintiff filed a written grievance complaint detailing her belief that Duke was acting in a discriminatory manner.[9] A few weeks later, Duke placed Plaintiff on a 30-day performance improvement plan ("PIP"), which was eventually extended throughout the rest of the year until December, 2017.[10] Plaintiff was terminated on January 11, 2018, which she alleges was unlawful, sex-based discrimination and retaliation.[11]

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 20, 2018.[12] The EEOC issued Plaintiff a Notice of Right to Sue on May 17, 2019.[13] Plaintiff subsequently filed this lawsuit on

---

[6] Rec. Doc. 5-1 p. 5-6, 19.
[7] Rec. Doc. 1 ¶5-6.
[8] *Id.* at ¶7-8.
[9] *Id.* at ¶14.
[10] *Id.* at ¶15-18.
[11] *Id.* at ¶23.
[12] *Id.* at ¶25.
[13] *Id.* at ¶26.
Document Number: 60543

August 15, 2019, alleging sex-based discrimination and retaliation under Title VII.[14]

Defendant filed a *Motion to Dismiss, Motion to Compel Arbitration* on September 9,

2019, arguing that Plaintiff's claims are subject to mandatory arbitration under the

parties' contract.[15] The Court now turns to Defendant's *Motions.*

## II.    LAW AND ANALYSIS

### A.  <u>Motion to Compel Arbitration</u>

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration

agreements in federal courts. Section 2 of Chapter 1 of the FAA provides that an

arbitration agreement in writing "shall be valid, irrevocable, and enforceable, save

upon such grounds as exist at law or in equity for the revocation of any contract."[16]

This provision requires federal courts to "place [arbitration] agreements 'upon the

same footing as other contracts.'"[17] The underlying purpose of the FAA was to create

a policy in favor of arbitration, such that "any doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration."[18]

Courts undertake a two-step inquiry in evaluating motions to compel

arbitration.[19] First, the parties must have an agreement to arbitrate the dispute at

---

[14] *See* Rec. Doc. 1 ¶26. Because Plaintiff was issued a Notice of Right to Sue, Plaintiff has sufficiently fulfilled Title VII's exhaustion requirement.

[15] Rec. Doc. 5

[16] 9 U.S.C. § 2.

[17] *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974)).

[18] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 360 (5th Cir. 2013).

[19] *Ameriprise Fin. Servs. v. Etheredge*, 277 F.Appx. 447, 449 (5th Cir. 2008); *Washington Mut. Finance Group v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004); *see also Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003); *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996).

Document Number: 60543

issue.[20] Second, if and only if the first step is satisfied, the Court "must consider whether any federal statute or policy renders the claims non-arbitrable."[21] If the dispute is referred to arbitration, the FAA requires the Court to stay or dismiss the proceedings,[22] and the Court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."[23]

## B. Agreement to Arbitrate

In considering the first prong of the FAA test, the Court considers (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question is covered by the agreement.[24] Because Plaintiff does not dispute that her claims fall within the scope of the agreement, the Court shall only consider the first prong of the analysis.

Defendant contends that Plaintiff's claims are subject to a binding arbitration agreement. Defendant argues that, by accepting continued employment and signing an Employment Agreement (the "Agreement"), Plaintiff agreed to the arbitrate the present dispute.[25] Plaintiff argues the Agreement is not enforceable because Defendant did not accept the agreement via signature.[26] Plaintiff argues that:

> [t]he Agreement makes specific reference to "the undersigned parties" (plural), but only one party signed the Agreement.

---

[20] *Etheredge*, 277 F.Appx. at 449; *Bailey*, 364 F.3d at 263; *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

[21] *Will-Drill*, 352 F.3d at 214 (quoting *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992)); *Etheredge*, 277 F.Appx. at 449; *Bailey*, 364 F.3d at 263.

[22] *Holts v. TNT Cable Contractors, Inc.* (2020 WL 1046337 (E.D. La. 2020) (citing *Tittle v. Enron Corp.*, 463 F.3d 410, 417 n.6 (5th Cir. 2006); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

[23] 9 U.S.C. § 4. *See also Holts*, 2020 WL at *2; *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 n.20 (5th Cir. 1985).

[24] *Will-Drill*, 352 F.3d at 214.

[25] Rec. Doc. 5-1 p. 9.

[26] *See generally* Rec. Doc. 6.

Document Number: 60543

> Only "undersigned parties" agreed to be bound by the ADR Agreement, and the defendant was not one of them. The defendant, Air Liquide, did not agree to arbitrate disputes. There is no mutual consent or meeting of the minds."[27]

However, in Louisiana, "[t]here is no requirement . . . that an employment restrictive covenant agreement with an arbitration clause be signed."[28] Defendant argues that *Delta Fuel Co.* is similar to the present case; the court in *Delta Fuel Co.* held that the arbitration agreement was valid and enforceable despite a lack of signature.[29] While Plaintiff contests the applicability of *Delta Fuel Co.*, arguing that the Agreement's language is different from the agreement in *Delta Fuel Co.*, the Agreement here provides that "the undersigned parties agree to be bound by the [arbitration agreement] incorporated herein by reference."[30] Plaintiff contends that the term "undersigned parties" contemplates a signature by Defendant. However, the *Delta Fuel Co.* agreement provided a signature line for the company at the bottom of the document that was left unsigned, and the court in that case held that no signature was required.[31] The logic of the Western District in *Delta Fuel Co.* applies *a fortiori* to the present case. Further, no signature is required under La. Civ. Code art. 1927, which states that:

> A contract is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or

---

[27] Rec. Doc. 6 p. 7.

[28] *Delta Fuel Co. v. Abbott*, 2019 WL 3810047 at *5 (W.D. La. 2019), *report and recommendation adopted*, 2019 WL 3815692 (W.D. La. 2019). *See also Velazquez v. Brand Energy & Infrastructure Servs. Inc.*, 781 F.Supp. 2d 370, 375-76 (W.D. La. 2011).

[29] *Delta Fuel Co.*, 2019 WL at *3-5.

[30] Rec. Doc. 6 p. 7.

[31] *Delta Fuel Co.*, 2019 WL at *5.

Document Number: 60543

> inaction that under the circumstances is clearly indicative of consent. Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.[32]

Not only is the use of the term "undersigned parties" too vague to impose form requirements, but even the Agreement did require written acceptance via signature, the offer and the acceptance do not have to conform to one another in form.[33] The offer here was the Agreement made by Defendant; the acceptance, assuming it required a signature, was satisfied upon Plaintiff's signing of the Agreement. Thus, in any event, the Agreement is an enforceable contract.

Because Plaintiff does not argue that her claims are non-arbitrable under a federal statute or policy, the Court need not consider the second prong of the FAA test. Consequently, the parties are bound by the arbitration clause contained in the Agreement. Defendant's *Motion to Compel Arbitration* shall be GRANTED.

### C. Motion to Dismiss

Defendant moves to dismiss Plaintiff's claims pending arbitration.[34] Plaintiff does not argue against dismissal.[35] The Court therefore deems Defendant's *Motion to Dismiss* unopposed. Moreover, the Fifth Circuit has held that dismissal may be ordered when all of the plaintiff's claims are subject to arbitration.[36] Defendant's *Motion to Dismiss* shall be GRANTED.

---

[32] LA. CIV. CODE art. 1927.

[33] *Id.*

[34] Rec. Doc. 5.

[35] *See* Rec. Doc. 6.

[36] *Griggs v. S.G.E. Mgmt. L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit allows district courts to dismiss such claims outright.").

Document Number: 60543

## III.    CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss, Motion to Compel Arbitration*[37] is **GRANTED**. Plaintiff's claims against Defendant are dismissed without prejudice pending arbitration between the parties.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 24, 2020.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. 5.
Document Number: 60543